UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICK ENGLERT, d/b/a )
PERFECT HEALTH, )
 )
 )
     Plaintiffs, )
 ) Cause No.
vs. )
 )
BEAUTY FIT, INC. ) JURY TRIAL DEMANDED
A Florida Corporation )
SERVE: )
    Dimitrios Mentis )
    Registered Agent )
    1000 NW 105th Avenue )
    Plantation, FL  33322 )
 )
     Defendant. )

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Patrick Englert, d/b/a Perfect Health, by and through counsel, Andrew H. Koor, and for his Petition for Damages against Defendant, Beauty Fit, Inc., states to the Court as follows, to-wit:

## JURISDICTION AND VENUE

1. That at all times herein mentioned Plaintiff, Patrick Englert, is an individual residing in St. Charles County, Missouri.

2. That upon information and belief, Defendant, BeautyFit, Inc., is a Florida Corporation with its principal place of business at 1000 NW 105th Avenue, Plantation, Florida 33322.

1

3. That Defendant, BeautyFit, Inc. directly or through intermediaries, ships, sells, offers for sale, and/or advertises a variety of products, including vitamins and diet supplements, in the United States, including the State of Missouri.

4. That BeautyFit, Inc. does business throughout the United States, including within and throughout the State of Missouri.

5. That Individuals and entities throughout the United States, including within the State of Missouri, have used and continue to use the BeautyFit, Inc.'s website (BeautyFit.com) to purchase BeautyFit, Inc. products.

6. That upon information and belief, Plaintiffs, Patrick Englert, d/b/a Perfect Health, state that Defendant, BeautyFit, Inc. does not maintain an office in the State of Missouri but does have sufficient minimum contacts in the State of Missouri through web-based sales to purchasers and through sale of its products to intermediaries, including distributors. Defendant, BeautyFit, Inc. is therefore subject to jurisdiction in the State of Missouri pursuant to RSMo. § 506.500 (1).

7. That the actions of Defendant, BeautyFit, Inc. described in this petition also constitute a tort committed within the State of Missouri. Defendant, BeautyFit, Inc. is therefore subject to jurisdiction in the State of Missouri pursuant to RSMo. § 506.500(1).

8. That Defendant, BeautyFit, Inc. engaged in a contractual relationship with Plaintiff, Patrick Englert, d/b/a Perfect Health. Defendant Beauty Fit, Inc. is therefore subject to jurisdiction in the State of Missouri pursuant to RSMo. § 506.500(1).

9. The amount in controversy this case is in excess of $75,000.00.

## COUNT I - FRAUD

COMES NOW, Plaintiff, Patrick Englert, d/b/a Perfect Health, by and through counsel, Andrew H. Koor, and for Count I of his Petition for Damages against Defendant Beauty Fit, Inc., states to the Court as follows, to-wit:

1. That Plaintiff, Patrick Englert, d/b/a Perfect Health, realleges and incorporates all of the allegations contained in this Petition for Damages as if they were fully set out herein.

2. That in approximately October 2013, Plaintiff, Patrick Englert, d/b/a Perfect Health, began to purchase products from Defendant, BeautyFit, Inc..

3. That Defendant BeautyFit, Inc.'s, agents represented to Plaintiff at purchase that Patrick Englert, d/b/a Perfect Health, was authorized to distribute BeautyFit, Inc.'s products through sales on various online marketplaces, including Amazon.com.

4. From approximately October 2013 to December 2016, Plaintiff, Patrick Englert, d/b/a Perfect Health, sold Defendant, BeautyFit, Inc.'s, products on Amazon.com.

5. That in approximately December 2016, Plaintiff, Patrick Englert, d/b/a Perfect Health, began to receive e-mails from Defendant, BeautyFit, Inc.'s, compliance team, which indicated that Plaintiff was not authorized to sell Defendant's trademarked products.

6. That in approximately December 2016, Plaintiff, Patrick Englert, d/b/a Perfect Health, contacted Defendant, BeautyFit, Inc.'s, president and CEO, Jimmy Mentis, who assured Plaintiff, Patrick Englert, d/b/a Perfect Health, that problems concerning Plaintiff's sales of BeautyFit, Inc.'s trademarked product would be resolved.

7. That in approximately January 2017, Defendant, BeautyFit, Inc., revoked Plaintiff, Patrick Englert, d/b/a Perfect Health's, authorization to sell Defendant's trademarked products on the Amazon platform/marketplace, and as a result Plaintiff, Patrick Englert, d/b/a Perfect Health was no longer able to sell the products he purchased from Defendant on the Amazon platform/marketplace.

8. That in making its fraudulent representation of its intent to do business with Plaintiff, Patrick Englert, d/b/a Perfect Health, Defendant, BeautyFit, Inc., exercised a reckless disregard for the truth or falsity of the statement it made, and a negligent failure to exercise reasonable competence to ensure that they were relaying truthful information.

9. That Plaintiff, Patrick Englert, d/b/a Perfect Health, had a right to rely on Defendant, BeautyFit, Inc.'s assurances, that he would be permitted to continue to sell Defendant's products on its current platforms, including but not limited to the Amazon platform/marketplace.

10. That Defendant's false representation consequently and proximately caused Plaintiff, Patrick Englert, d/b/a Perfect Health, damages in that at the time Defendant, BeautyFit, Inc., revoked Plaintiff, Patrick Englert, d/b/a Perfect Health's, authorization to sell Defendant's trademarked products on the Amazon

platform/marketplace, Plaintiff's inventory of Beauty Fit, Inc.'s products contained in excess of $100,000.00 worth of BeautyFit, Inc.'s trademarked products which had been purchased directly from Defendant.

11. That Defendant has refused to re-purchase the BeautyFit, Inc. products in Plaintiff's inventory or otherwise refund the Plaintiff's purchase price of BeautyFit, Inc.'s products.

12. That Defendant, BeautyFit, Inc.'s, representation to Plaintiff, Patrick Englert, d/b/a Perfect Health, that Plaintiff was authorized to sell BeautyFit, Inc.'s trademarked products on the Amazonplatform/marketplace was material to Plaintiff in that Plaintiff relied on such representation when purchasing and maintaining an inventory of BeautyFit, Inc.'s trademarked products.

13. That Defendant knew that its representation was material to Plaintiff's decision to purchase and maintain an inventory of BeautyFit, Inc.'s trademarked products and that such representation was false.

14. That Plaintiff, Patrick Englert, d/b/a Perfect Health, was entitled to rely on Defendant, BeautyFit, Inc.'s, representation when purchasing and maintaining an inventory of BeautyFit, Inc.'s trademarked products.

15. That as a result of Defendant, BeautyFit, Inc.'s, representation to Plaintiff, Patrick Englert, d/b/a Perfect Health, Plaintiff acquired an inventory containing approximately $100,000.00 worth of BeautyFit, Inc.'s trademarked products that Plaintiff has been unable to sell due to Defendant, Beauty Fit, Inc.'s actions.

WHEREFORE, Plaintiff Patrick Englert, d/b/a Perfect Health prays for judgment against Defendant BeautyFit, Inc. for a sum that is fair and reasonable; and for such further orders as to this Court shall appear just and proper.

## COUNT II – BREACH OF CONTRACT

COMES NOW, Plaintiff, Patrick Englert, d/b/a Perfect Health, by and through counsel, Andrew H. Koor, and for Count II of his Petition for Damages against Defendant Beauty Fit, Inc., states to the Court as follows, to-wit:

1. That Plaintiff, Patrick Englert, d/b/a Perfect Health, realleges and incorporates all of the allegations contained in this Petition for Damages as if they were fully set out herein.

2. That Plaintiff, Patrick Englert, d/b/a Perfect Health and Defendant, BeautyFit, Inc., had a valid, legally enforceable contract for the sale of Defendant Beauty Fit, Inc.'s products.

3. That Plaintiff's performance was perfected in that Plaintiff paid the full amount agreed upon for Defendant Beauty Fit, Inc.'s products.

4. That subsequent to Defendant Beauty Fit, Inc.'s delivery of all the agreed upon products to Plaintiff, Plaintiff was stopped from selling those goods by Defendant Beauty Fit, Inc..

5. That Defendant breached the contract between Plaintiff, Patrick Englert, d/b/a Perfect Health and Defendant, Beauty Fit, Inc..

6.  That due to Defendant's breach of contract, Plaintiff, Patrick Englert, d/b/a Perfect Health, suffered pecuniary and other losses, including but not limited to incidental and consequential damages.

WHEREFORE, Plaintiff prays for judgment against Defendant, Beauty Fit, Inc., on Count II Breach of Contract in an amount in excess of $100,000.00 together with the costs of this action, including attorney fees and such other and further relief as the Court deems appropriate in the circumstances.

## COUNT III – VIOLATION OF MERCHANDISING PRACTICES ACT

COMES NOW, Plaintiff, Patrick Englert, d/b/a Perfect Health, by and through counsel, Andrew H. Koor, and for Count III of his Petition for Damages against Defendant Beauty Fit, Inc., states to the Court as follows, to-wit:

1.  That Plaintiff, Patrick Englert, d/b/a Perfect Health, realleges and incorporates all of the allegations contained in this Petition for Damages as if they were fully set out herein.

2.  That Plaintiff brings this Count pursuant to §§407.025 and 407.020, RSMo.

3.  That Defendant's misrepresentations aforesaid regarding the products merchantability produced are a deception, a deceptive practice, a fraud, false statement, false pretense, false promise, misrepresentation and/or unfair practice in connection with the sale or advertisement of the goods.

4. That Defendant's misrepresentation aforesaid concealed, suppressed or omitted material facts in connection with the sale or advertisement of the goods.

5. That pursuant to §407.025, RSMo, Plaintiff has been damaged by Defendant's practices in an amount in excess of $100,000.

6. That pursuant to §407.025, RSMo, punitive damages are appropriate against Defendant.

7. That Plaintiff has expended attorneys fees and costs to in this matter and requests this Court to award such attorneys fees and costs to Plaintiff and against Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $100,000.00 together with punitive damages in the amount of $300,000.00, attorneys fees, the costs of this action and such other and further relief as the Court deems appropriate in the circumstances.

SUDDARTH & KOOR, L.L.C.
ANDREW H. KOOR, #35384MO
Attorney for Plaintiff
755 West Terra Lane
O'Fallon, MO 63366
(636) 240-7644
(636) 240-4644 – facsimile
akoor@suddarthandkoor.com