UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK ENGLERT, D/B/A PERFECT HEALTH, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 4:17-cv-00993-AGF |
| BEAUTY FIT, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant BeautyFit, Inc.'s motion (ECF No. 25) to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and for failure to state a claim pursuant to Rule 12(b)(6). For the reasons set forth below, the Court will grant the motion to dismiss, without prejudice, for lack of personal jurisdiction.

## BACKGROUND

Plaintiff Patrick Englert, d/b/a Perfect Health, a citizen of Missouri, filed this diversity action on March 20, 2017. The complaint names BeautyFit, Inc., a Florida corporation with its principal place of business in Florida, as Defendant. Plaintiff asserts claims for fraud, breach of contract, and violation of the Missouri Merchandising Practices Act ("MMPA").

Plaintiff alleges that, in approximately October 2013, he began to purchase products (vitamins and dietary supplements) from Defendant; that Defendant's agents represented to Plaintiff that he was authorized to distribute Defendant's products through sales on various online marketplaces, including Amazon.com; that Plaintiff sold Defendant's products on Amazon.com from October 2013 to December 2016; that in approximately December 2016,

Defendant's compliance team emailed Plaintiff indicating that Plaintiff was not authorized to sell Defendant's trademarked products; that Plaintiff thereafter contacted Defendant's president and CEO, "Jimmy Mentis," who assured Plaintiff that the issue would be resolved; that in January 2017, Defendant revoked Plaintiff's authorization to sell the trademarked products on Amazon.com; and that Plaintiff was thereby damaged because he retained an inventory of more than $100,000 worth of trademarked products that Plaintiff has been unable to sell and that Defendant has refused to repurchase.

For purposes of personal jurisdiction, Plaintiff alleges that Defendant does not maintain an office in Missouri but has sufficient minimum contacts in Missouri through web-based sales to purchasers and through the sale of its products to intermediaries, including Plaintiff. Plaintiff further alleges that the actions described in the complaint constitute a tort committed within Missouri and a contractual relationship with a Missouri citizen.

Defendant filed this motion to dismiss on September 20, 2017. In the motion, Defendant incorporates by reference an affidavit of Dimitrios "Jimmy" Mentis, which was attached to a prior motion to set aside an entry of default against Defendant.[1] In his affidavit (ECF No. 22-1), Mentis states that he is the president and CEO of Defendant, as well as the president and CEO of a company called JDAWG Consulting, Inc. Mentis states that Defendant BeautyFit, Inc. does not sell BeautyFit branded products, has never sold any such products to Plaintiff, has never entered into a contract for the sale of any goods with Plaintiff, and has never met with or solicited business from Plaintiff in Missouri. Rather, Mentis attests that JDAWG Consulting, Inc. is the entity that sells BeautyFit branded products, and that JDAWG Consulting, Inc. has sold certain BeautyFit branded products to Plaintiff since approximately 2013.

---

[1] The Court granted Defendant's motion to set aside the entry of default on September 7, 2017. ECF No. 24.

2

In support of its motion to dismiss, Defendant argues that, in light of its lack of contact with Plaintiff or the state of Missouri, the Court's exercise of personal jurisdiction over it would violate the Due Process Clause. For the same reason, Defendant argues that it is not a proper party to this lawsuit.

Alternatively, Defendant argues that Plaintiff's claims should be dismissed for failure to state a claim because Plaintiff has failed to plead with particularity a claim for fraudulent misrepresentation or violation of the MMPA; Plaintiff's fraud claim is also barred by the economic loss doctrine; and Plaintiff has failed to plead the elements of breach of contract because he has not attached, or described the terms of, any contract and has not identified which provisions of the contract were breached.

In response to the motion to dismiss for lack of personal jurisdiction, Plaintiff argues that Defendant is a proper party to this lawsuit and has sufficient minimum contacts with Missouri because Defendant is the entity that sold BeautyFit branded products to Plaintiff and transacted business with Plaintiff, as alleged in the complaint. In support of this argument, Plaintiff attaches his own affidavit, in which he states that, based on his contacts with Mentis, and his payments for and receipt of BeautyFit branded products, he understood a contractual relationship to exist with Defendant. Plaintiff also attaches invoices that he received for the BeautyFit branded products. These invoices are dated between October 2013 and October 2014, and contain the names "BeautyFit®" and "www.beautyfit.com," but do not reference either BeautyFit, Inc. or JDAWG Consulting, Inc. ECF No. 29-1. Also attached to Plaintiff's response are emails and text messages between Plaintiff and Mentis, discussing the sale of BeautyFit branded products. The emails are signed by "Jimmy Mentis, President/CEO," with the email

address "jimmy@beautyfit.com" and a reference to the website "beautyfit.com," but, again, do not reference either BeautyFit, Inc. or JDAWG Consulting, Inc. ECF No. 29-5.

On the merits, Plaintiff argues that he has sufficiently pleaded a claim for fraud and breach of contract under Missouri common law, based on his allegations that Defendant agreed that Plaintiff would be authorized to distribute BeautyFit branded products online; Defendant represented in December 2016, that any issue related to Plaintiff's distribution of such products would be resolved; and that Defendant thereafter revoked Plaintiff's authorization to distribute such products. Plaintiff further argues that the economic loss doctrine does not apply to his fraud claim. However, Plaintiff concedes that his claim for violation of the MMPA should be dismissed because he has failed to allege that he purchased the goods at issue primarily for personal, family, or household purposes.

Finally, Plaintiff argues that if the Court finds that it lacks personal jurisdiction over Defendant, it should transfer the action, pursuant to 28 U.S.C. § 1631, to the United States District Court for the Southern District of Florida, where Defendant is headquartered. Alternatively, Plaintiff argues that if the Court determines that Plaintiff has failed to state a claim, the Court should grant Plaintiff leave to amend. Plaintiff does not attach a proposed amended complaint or explain the manner in which he would amend.

In reply, Defendant maintains that this case should be dismissed for lack of personal jurisdiction, or alternatively, for failure to state a claim. Defendant contends that the evidence attached to Plaintiff's response does not demonstrate that Plaintiff transacted business with Defendant, and does not contradict Defendant's evidence that JDAWG Consulting, Inc. was in fact the only entity that transacted business with Plaintiff. Rather, Defendant argues that Plaintiff's evidence, at most, demonstrates that Plaintiff purchased BeautyFit branded products

and that he communicated with Mentis, who is the president and CEO of both Defendant and JDAWG Consulting, Inc.

Moreover, Defendant attaches another sworn declaration from Mentis, in which Mentis attests that he is the owner of "BeautyFit®" registered trademarks; that Defendant owns no trademarks; and that JDAWG Consulting, Inc. sells "BeautyFit®" trademarked products, and owns and operates the website www.beautyfit.com. Mentis also again attests that JDAWG Consulting, Inc. is the only entity that has sold BeautyFit branded products to Plaintiff, and that Plaintiff paid JDAWG Consulting, Inc. for these products.

Mentis attaches to his declaration invoices directed to Plaintiff dated in 2015 and thereafter, which state that they are issued by "Jdawg Consulting DBA BeautyFit." ECF No. 31-2. Mentis also attaches evidence of his ownership of the "BeautyFit®" trademark and receipts of online payments from Patrick Englert to "JDAWG Consulting, Inc." for BeautyFit branded products, dated in 2015 and 2016.

## **DISCUSSION**

"When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists . . . ." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (citations omitted). "A plaintiff's prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Fastpath*, 760 F.3d at 820 (citations omitted). The court must view the evidence "in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's

favor; however, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction." *Id.*

"Personal jurisdiction in a diversity case exists only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause."[2] *K-V Pharm.*, 648 F.3d at 592 (citations omitted). "[B]ecause the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause," the Court will consider "whether the assertion of personal jurisdiction would violate due process." *Aly v. Hanzada for Imp. & Exp. Co., LTD*, 864 F.3d 844, 849 (8th Cir. 2017) (citations omitted).

Due process requires that there be "sufficient minimum contacts between a defendant and the forum state so that jurisdiction over a defendant with such contacts may not offend 'traditional notions of fair play and substantial justice." *Id.* (citations omitted). Specifically, courts consider five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id.* Courts give "significant weight to the first three factors." *Fastpath, Inc.*, 760 F.3d at 821.

Based on its review of the evidence submitted by the parties, the Court concludes that it cannot exercise personal jurisdiction over Defendant. Plaintiff's arguments in support of

---

[2] There are two types of personal jurisdiction: general and specific. *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014). General jurisdiction exists over a corporate defendant when the forum state is its place of incorporation or the location of its principal place of business, or in an "exceptional case," when the corporation's activities in that state are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 754, 761 n.19. Plaintiff admits that Missouri is neither Defendant's place of incorporation nor its principal place of business, and Plaintiff does not assert that Defendant is "at home" here for purposes of general jurisdiction. Specific, or "conduct-linked," jurisdiction involves suits "aris[ing] out of or relate[d] to the defendant's contacts with the forum." *Id.* at 751, 754.

personal jurisdiction are based entirely on Plaintiff's theory that Defendant is the entity with whom Plaintiff transacted business. But even viewed in the light most favorable to Plaintiff, there is simply no evidence—as opposed to conclusory allegations—that this is true. Plaintiff has not offered evidence to contradict Defendant's evidence that JDAWG Consulting, Inc. is the entity that transacted business with Plaintiff. Although Plaintiff has pointed to invoices and emails that reference Mentis, the BeautyFit trademark, and/or the www.beautyfit.com website, Plaintiff has not offered any evidence tying these references to Defendant, as opposed to JDAWG Consulting, Inc.

"[C]ourts ordinarily protect the separate legal identities of individual corporations." *Levine Hat Co. v. Innate Intelligence, LLC*, No. 4:16-CV-1132 (CEJ), 2017 WL 3021526, at *4 (E.D. Mo. July 17, 2017). And while "there are situations in which one corporation shows such domination and control over another that the latter corporation becomes an adjunct or alter ego of the first," *id.*, Plaintiff has not alleged, argued, or submitted evidence that the companies here are alter-egos. *See, e.g.*, *Boley v. Commercial Carriers, Inc.*, No. 4:94-CV-2298 CAS, 1996 WL 118280, at *6 (E.D. Mo. Feb. 23, 1996) (holding that, absent a further showing of an alter-ego relationship, evidence that a parent and subsidiary corporation shared "several common directors [and] officers" was insufficient to invoke personal jurisdiction over the nonresident parent based on the subsidiary's transactions in Missouri). Nor has Plaintiff requested jurisdictional discovery to establish such a connection.

Because the Court finds that it lacks personal jurisdiction over Defendant, it need not reach Defendant's alternative grounds for dismissal. The Court will also deny Plaintiff's requests to transfer this action to the Southern District of Florida under 28 U.S.C. § 1631, or for leave to amend in lieu of dismissing the case without prejudice. Section 1631 provides for

transfer "in the interest of justice" to a court in which an action could have been brought, when the court in which a civil action was filed lacks jurisdiction 28 U.S.C. § 1631; *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave to amend when justice so requires.").

In determining the "interest of justice," a key factor is whether "the statute of limitations would have run before [the plaintiff] could refile properly." *Gunn v. U.S. Dep't of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997). There is no indication here that Plaintiff's complaint would be time-barred if he attempted to refile in an appropriate jurisdiction, naming the proper party and stating claims for relief that are plausible on their face. *See* Mo. Rev. Stat. § 516.120 (five-year statute of limitations for breach of contract and fraud claims).

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED**. ECF No. 25. This case is **DISMISSED without prejudice**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2017.